STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| Vermont Unit | Docket No. 126-9-13 Vtec |

| | |
|---|---|
| Mt. Mansfield UHS Event Board Permit | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

On May 30, 2013, the Town of Jericho Zoning Administrator (ZA) issued permit #BT211x to the Mount Mansfield Union High School (MMUHS) allowing MMUHS to replace an existing message board with a LED (light emitting diode) event board sign. The ZA concluded that under 24 V.S.A. § 4413 and the provisions in the Jericho Land Use and Development Regulations (the Regulations) incorporating § 4413, the Town of Jericho (the Town) had no authority to regulate the sign. Richard Kemmer (Appellant), who owns and occupies property across the street from the proposed sign, appealed that decision to the Town of Jericho Development Review Board (DRB). The DRB agreed with the determination of the ZA and upheld the permit on the grounds that the application to replace the sign was exempt from the requirements of the Regulations because of § 4413. Appellant appeals the DRB decision and moves for summary judgment that as a matter of law the DRB erred in determining that the LED sign application was exempt from municipal regulation. In his motion, Appellant asks the Court to remand the application to the DRB. Appellant is self-represented in this appeal, the Town has designated Jennifer Murray, the Town of Jericho Planning and Development Coordinator, as its representative, and MMUHS has designated Michael Weston, MMUHS Principal, as its representative.

The Court will grant summary judgment where the movant (here, Appellant) shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). The Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by admissible evidentiary material, and to give the non-moving party (here, the Town) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004

1

VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). The issue before us is purely legal: whether the Town of Jericho is without the authority to regulate an LED event board at MMUHS based on 24 V.S.A. § 4413.

Title 24 Section 4413(a) provides that municipalities may regulate "State- or community-owned and operated institutions and facilities" and "public and private schools and other educational institutions certified by the state department of education" only with respect to enumerated issues and "only to the extent that regulations do not have the effect of interfering with the intended functional use." Those enumerated regulable issues are: "location, size, height, building bulk, yards, courts, setbacks, density of buildings, off-street parking, loading facilities, traffic, noise, lighting, landscaping, and screening requirements." 24 V.S.A. § 4413(a).

Appellant contends in his motion for summary judgment that the replacement of a non-illuminated event board with a LED message board must comply with any of the Regulations related to lighting because, contrary to the DRB's holding, the municipality does have authority to regulate development at MMUHS with regard to lighting. We agree. Section 4413 does not exempt development at a community-owned and operated facility or a public school from all municipal regulation; rather, it limits the scope of that regulation to a list of enumerated topics. Thus, the DRB must find that an application for development complies with those regulations for which review is not limited by § 4413. Under § 4413, the Town can also regulate the size and height of the sign, and any landscaping requirements related to the new sign. For these reasons, we agree with Appellant that the DRB incorrectly found that the application should be granted because it is exempt from all municipal regulation. We therefore **GRANT** Appellant's motion for summary judgment.

Appellant asks that the Court remand the matter to the DRB to conduct the necessary review. The DRB did not, in its written findings of fact and decision, make any findings relative to whether the proposed sign complies with any of the Regulations. Rule 1 of the Vermont Rules for Environmental Court Proceedings requires that our rules "be construed and administered to ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court." The Court is thus concerned about remanding this matter for further consideration by the DRB given the possibility that this appeal

may come before the Court again after the DRB's determination is made. Nonetheless, given that the DRB did not consider the merits of the application and Appellant specifically requests such consideration, we conclude that we must remand this matter to the DRB so that it can decide the question of whether the application for the proposed LED event board sign complies with any applicable regulations. We, therefore, **REMAND** this matter to the Town of Jericho Development Review Board for consideration of whether the proposed replacement of the current event board at MMUHS with a LED event board complies with any applicable municipal regulations related to size, height, lighting, landscaping, or any other topic enumerated in § 4413.

This concludes the pending appeal before the Court.


Electronically signed on April 29, 2014 at 03:45 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division